Joseph Jeziorkowski, Esq.
Daniel Folchetti, Esq
VALIANT LAW
2 Westchester Avenue, Suite 205
White Plains, New York 10604
T. (914) 730-2422
F. (909) 677-2290
jjj@valiantlaw.com
dcf@valiantlaw.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARVIN MARTINEZ, on behalf of himself, and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BUILDING MANAGEMENT ASSOCIATES, INC., and SEBCO DEVELOPMENT, INC.,<br><br>Defendants. | Civil Action No.: 1:25-cv-00077<br><br>**FLSA COLLECTIVE and RULE 23 CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, Marvin Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to all other matters, by and through his undersigned attorneys, Valiant Law, files this Complaint against Defendants Building Management Associates, Inc. ("BMS"), Sebco Development, Inc. ("SEBCO") (together with BMS, the "Company" or "Defendants"), and states as follows:

**INTRODUCTION**

1.      This is an action brought by Plaintiff on his own behalf, and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law ("NYLL"), arising from

1

Defendants' failure to pay non-exempt employees proper compensation, overtime compensation, failure to pay hourly employees timely, and failure to provide accurate wage statements and related records.

2. Due to violations of the FLSA, Plaintiff is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

3. Due to violations of the New York Labor Law, Plaintiff is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district and Defendants conducted business and reside in this district.

## THE PARTIES AND SUMMARY OF ALLEGATIONS

6. Plaintiff Marvin Martinez is an adult individual who is a resident of the State of New York. Plaintiff was employed by Defendants as a porter, and at all times relevant, was a covered employee within the meaning of the FLSA and NYLL.

7. Upon information and belief, Defendant Building Management Associates, Inc. is a domestic business corporation, authorized to conduct business in the State of New York and

under the laws of the State of New York, located at 885 Bruckner Boulevard, Bronx, New York 10459.

8. Upon information and belief, Defendant Sebco Development, Inc. is a domestic business corporation, authorized to conduct business in the State of New York and under the laws of the State of New York, located at 885 Bruckner Boulevard, Bronx, New York 10459.

9. Upon information and belief during each of the six (6) most recent years, and prior thereto, BMS and SEBCO continuously and jointly owned and/or managed countless low and moderate-income multi-family and senior citizen buildings, believed to include several thousand residential units.

10. Upon information and belief, BMS and SEBCO also jointly owns and/or manages more than 40 commercial buildings.

11. Defendants BMS and SEBCO are an "employer" within the meaning of the New York Labor Law.

12. During all times relevant, Defendants has been Plaintiff's employers within the meaning of the FLSA and the NYLL.

13. Defendants were and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the provision of services that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

14. In connection with their employment, Plaintiffs regularly transmitted material goods and information across state lines.

15. In connection with their employment, Plaintiffs engaged in commerce and in the production or provision of services for commerce.

16. At all relevant times, the work performed by Plaintiff and others similarly situated, was directly essential to the business operated by Defendants

17. Plaintiff was continuously employed by Defendants in Bronx County, New York to work as a non-exempt porter for several of Defendants' buildings from in or about 2018 until January 2024.

18. Defendants knowingly and willfully operated their business with a policy and practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

19. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

20. Plaintiff complained to Defendants about their failure to pay overtime compensation, placing Defendants on actual notice of these violations. Yet, Defendants persisted to knowingly and willfully engaged in widespread, systematic and significant violations of Federal and New York State wage and hour statutes and implementing regulations. For example, Defendants intentionally refused to pay employees proper compensation for hours worked in excess of forty (40) per week and Plaintiff's pay statement reflect a substantial amount of "shaved" time, or hours worked by Plaintiff, but were intentionally omitted from his pay statements by Defendants.

**STATEMENT OF FACTS**

21. As part of its business, Defendants employ porters, handymen, superintendents, and various other roles to work at the buildings it owns and/or manages.

22. Plaintiff does not supervise other employees, and has no role in hiring, firing, promoting or disciplining any employees.

23. Plaintiff regularly worked more than forty (40) hours per week. In fact, Plaintiff regularly worked approximately fifty-six (56) hours per week or more. The typical work week consisted of forty (40) hours between Monday and Friday, and sixteen (16) or more additional hours on weekends. For example, for the hours for which Plaintiff was compensated, he was compensated in the amount of $27.64 per hour and was not paid lawfully. Plaintiff was not paid the overtime premium for all hours worked in excess of 40 hours per week. Thus, Defendants failed to pay Plaintiff his overtime compensation.

24. During those weeks in which Plaintiff worked in excess of forty (40) hours per week, if Defendants even paid Plaintiff and other employees for all hours worked, employees may have been paid at a straight-time rate per hour, which did not include the overtime premium required for hours worked above forty (40) hours each week, and all of which was improper and violates federal and state law.

25. Plaintiff and other employees were also not properly compensated for all hours worked. Further, Defendants intentionally omitted from employees' pay statements all hours worked.

26. During Plaintiff's employment with Defendants, more than twenty-five percent (25%) of Plaintiff's work involved physical tasks including, but not limited to, carrying, lifting,

physically moving items, taking out the trash, sweeping, mopping, cleaning, walking up and down stairs, ensuring the properties were well-kept, and regularly being on his feet.

27. Plaintiff, and other similarly situated employees were manual workers, who are entitled to be paid weekly. Defendants violated the New York State Labor Law by not paying their manual workers on a timely basis.

28. Plaintiff received his paychecks every fourteen (14) days. Thus, Defendants failed to pay Plaintiff weekly.

29. Defendants knowingly and willfully operated the business with a policy of not paying Plaintiff weekly, despite him being classified as a manual worker under the New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt similarly situated employees including porters, handymen, superintendents, maintenance workers, maintenance supervisors and other non-exempt hourly employees employed by Defendants since January 2022 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

31. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Collective Action Members.

32. In pertinent part, Defendants directed and controlled the hours worked by Plaintiff and the Collective Action Members, expressly requiring them to work in excess of forty (40) hours per week while not paying them lawfully at the overtime premium.

33. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately thirty (30) such presently-employed employees including porters, handymen, and superintendents, and other employees who worked overtime hours while employed by Defendants at its various buildings located in the Bronx, New York, and other locations, at any given time, and seventy-five (75) or more additional Collective Action Members who worked for the Defendants during the Collective Action Period and did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect

to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

   d. Whether the Defendants failed to pay Plaintiff and Collective Action Members statutory overtime compensation;

   e. Whether the Defendants failed to pay Plaintiff and Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  f. Whether the Defendants failed to create and maintain adequate records of the pay received by Plaintiffs and Collective Action Members in violation of federal and state law;

  g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

  h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

38. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

40. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

41. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants in non-managerial roles such as porters, handymen, superintendents, maintenance workers, maintenance supervisors and janitors, at any time since January 2019 to the entry of judgment in this case (the "Class Period") who were non-exempt, hourly and manual workers within the meaning of the New York Labor Law and have not been paid and still are not paid overtime compensation premiums, in violation of the New York Labor Law (the "Class").

42. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number

of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims. Upon information and belief, there are approximately thirty (30) Class Members presently employed, with conservatively several dozen former employees, and Plaintiff believes the total Class Members may exceed 100 members.

43. Plaintiff and the Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

44. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants.

45. The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

47. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

48. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments, and he understands that he may be called upon to testify in depositions and at trial.

49. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

50. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether the Defendants employed Plaintiff and Class members within the meaning of the New York Labor Law;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class;

    c. What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether the Defendants failed to pay Plaintiff and members of the Class for all hours worked;

    e.    Whether Defendants provided proper wage statements informing all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

    f.    Whether the Defendants failed to pay the Plaintiff and members of the Class proper overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    g.    Whether Defendants failed to create and maintain adequate records of the pay received by Plaintiff and members of the Class and proper annual wage notices in violation of the New York Labor Law;

    h.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees;

    i.    Whether Defendants failed to pay Plaintiff and the Class members weekly, in violation of the New York Labor Law 191 and the regulations promulgated thereunder; and

    j.    Whether the job duties performed by employees rendered them manual workers under New York Law;

**FIRST CAUSE OF ACTION FOR**
**<u>VIOLATION OF THE FAIR LABOR AND STANDARDS ACT</u>**

51.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

52.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

55. Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

56. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

57. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knowingly directed Plaintiff and the Collective Action Members to work the

hours and consciously failed to pay overtime compensation, knowing same would financially injure Plaintiff and the Collective Action Members.

59. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

61. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

62. Due to the unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE NEW YORK LABOR LAW

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceding paragraphs of this Complaint as if fully set forth herein.

65. At all relevant times, Defendants employed Plaintiff, Collective Action Members, and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

66. Plaintiff, Collective Action Members and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

67. Defendants knowingly and willfully failed to pay Plaintiff, Collective Action Members and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in direct contravention of the New York Labor Law.

68. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, Collective Action Members and Class members for all hours worked in excess of forty (40) hours per work week, which violated the New York Labor Law.

69. Defendants knowingly and willfully disregarded the provisions of the New York Labor Law as evidenced by their failure to compensate Plaintiff and Class members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knowingly directed Plaintiff and the Collective Action Members to work the hours and consciously failed to pay overtime compensation, knowing same would financially injure Plaintiff and the Class members.

70. Defendants did not provide Plaintiff with a document or written statement accurately accounting for his actual hours worked on a weekly basis.

71. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

72. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid compensation, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

## THIRD CAUSE OF ACTION FOR
## VIOLATION OF NYLL § 191 – FAILURE TO PAY TIMELY WAGES

73. Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

74. The timely payment of wages provision of the New York Labor Law §191 and it supporting regulations apply to Defendants and protect Plaintiffs from untimely payment of wages.

75. Defendants is an employer with the meaning of New York Labor Law §§191 and 651. Defendants routinely failed to pay Plaintiffs timely wages.

76. Further, Plaintiffs are "manual workers" within the meaning of New York Labor Law §190(4).

77. As manual workers, Defendants was required to pay Plaintiffs "not later than seven days after the end of the week in which the wages are earned" as required by New York Labor Law §191(1)(a)(i).

78. With Defendants paying Plaintiffs every fourteen (14) days, Defendants did not pay Plaintiffs for the first seven (7) days they worked during each pay period within seven (7) days after the end of the week in which the wages were earned. Plaintiffs did not agree to be paid every fourteen (14) days.

79. Defendants failed to pay Plaintiff and the Class on a timely basis as required by New York Labor Law §191(1)(a).

80. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorney's fees and costs, pre-judgment interest and post-judgment interest as provided for by the New York Labor Law §198.

## FORTH CAUSE OF ACTION FOR
## <u>VIOLATIONS OF THE NEW YORK STATE WAGE THEFT PREVENTION ACT</u>

81. Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

82. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

83. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

84. Plaintiff and the Class were not provided with a proper, written wage notice, and not provided with annual wage notices, as required by law. NYLL § 195(1).

85. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

86. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff and the Class each to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

87. Defendants failed to furnish Plaintiff and members of the Class with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 137-2.2; 146-2.3.

88. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

89. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1; 146-2.1.

90. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff Marvin Martinez, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Collective Action Members who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at BMS. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of civil penalties pursuant to the notice provisions of the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees;

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated: White Plains, New York
January 3, 2025

Respectfully submitted,

By:    */s/ Joseph Jeziorkowski*
Joseph Jeziorkowski, Esq.
Daniel Folchetti, Esq.
VALIANT LAW
2 Westchester Park Drive, Suite 205
White Plains, New York 10604
Telephone: (914) 730-2422
Facsimile: (909) 677-2290
*Counsel for Plaintiff*