

**Joseph Jeziorkowski |** Managing Partner
**Daniel Folchetti |** Partner
2975 Westchester Ave. Suite 418**|** Purchase, NY 10577
Main 914.730.2422 **|** joe@fjlglaw.com **|** dfolchetti@fjlglaw.com

April 7, 2026

***Via ECF***

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **RE:**   *Martinez v. Building Management Associates, Inc., et ano.*
            Case No.: 25-cv-00077 (GHW)
            Plaintiff's Pre-Motion Conference Request Regarding Discovery

Dear Judge Woods:

This firm represents plaintiff Marvin Martinez ("Plaintiff" or "Mr. Martinez") in the above-referenced matter.  Pursuant to Your Honor's Individual Rules we write jointly with counsel for Defendants Building Management Associates, Inc. ("BMA") and SEBCO Development, Inc. ("SEBCO") to request a pre-motion conference regarding Plaintiff's anticipated motion to compel outstanding discovery responses owed by Defendant BMA and to preclude any requests for discovery from BMA to Plaintiff.

### Introduction and Summary

As Your Honor may recall, this wage and hour matter was referred to mediation in April 2025 and the parties were unsuccessful due in part to the absence of wage and time records.  On December 29, 2025, Defendant SEBCO served a set of Interrogatories and Document Requests on Plaintiff. Similarly, on December 30, 2025, Plaintiff served a First Request for the Production of Documents and First Set of Interrogatories on all Defendants. On February 18, 2026, Plaintiff served responses to Defendant SEBCO's demands.  On February 19, 2026, Defendant SEBCO served its responses to Plaintiff's demands.   To date, Defendant BMA has not served any responses (or requests).[1]

Counsel for Plaintiff and BMA have met and conferred (as described below) on these issues prior to requesting a pre-motion conference but the discovery remains outstanding.

---

[1]    BMA filed its Initial Disclosures on PACER on March 17, 2026.

**<u>The Parties' Respective Positions Regarding the Status of Discovery</u>**

*Plaintiff's Position*

Plaintiff and BMA's counsel have met and conferred on multiple occasions concerning Defendant BMA's outstanding responses and document production.[2] In response, BMA's counsel had repeatedly indicated its responses are forthcoming but has yet to provide same. As it concerns its anticipated document production, counsel for BMA recently advised it plans to only re-produce its previous, incomplete document production made in connection with the Parties' earlier mediation efforts (albeit with Bates stamping this time). Further, that efforts to locate the additional records are "ongoing." By way of example only, BMA has not provided any records relative to the prospective class and the wage records for Plaintiff are woefully incomplete.[3]

Prefatorily, this begs the question concerning BMA's delay in a formal production of the Bates-stamped documents and says nothing of the delay in producing written responses. Secondarily, and perhaps more troubling, by counsel's own admission, BMA has done little to nothing to locate the additional missing documents but generally "plans on doing so" or words to this effect.

In simplest terms, it appears BMA is unmoved by its obligation to search for documents and/or to otherwise produce responses to Plaintiff's discovery demands. BMA's disregard for discovery, this Court's Orders, and Local Rules has delayed the balance of discovery, including the scheduling of party depositions, and should not be countenanced.

In view of the above, BMA should be compelled to produce full and complete responses within 14 days. Further, BMA should be precluded from asserting any discovery demands to Plaintiff. Additionally, in view of the circumstances, Plaintiff respectfully requests a further conference (or the submission of a joint status report), to discuss the balance of discovery.

*Defendant BMA's Position*

Defendant Building Management Associates, Inc. ("BMA") is represented in this action by the law firm of Siegel & Reiner LLP. Before addressing the disclosure issue, BMA respectfully submits that, contrary to the allegation made by the Plaintiff's counsel, the gaps in the wage and time records for Mr. Martinez were at best only marginally responsible for the failure of the mediation referenced above. However, BMA will not offer here its own version of why the mediation failed to avoid the possibility of violating the Mediation Confidentiality Agreement in force at the time the mediation was held last year.

As to the disclosure process itself, Plaintiff's counsel correctly notes that there are wage and time records missing from BMA's production covering the time periods between July of 2018 through February of 2019 and February of 2021 through July of 2023. However, and contrary to the Plaintiff's counsel's further allegation, the missing documents do not reflect a casual disregard on

---

[2] Plaintiff's counsel wrote to BMA's counsel on March 4, 2026, March 9, 2026, and March 16, 2026. BMA's counsel responded on March 9, 2026, and March 16, 2026. Additionally, counsel discussed same via phone conferences on March 26, 2026, and April 1, 2026.

[3] At a minimum, there are no documents for July 2018 – February 2019 and February 2021 – July 2023.

the part of BMA regarding its disclosure obligations.  In fact, BMA's President, Luigino Gigante ("Mr. Gigante"), and his staff have been diligently searching for the missing records and have repeatedly made requests of both Automatic Data Processing, Inc. ("ADP") and the New York City Housing Authority ("NYCHA") for copies of those records.  Unfortunately, BMA's efforts in this regard have not yet resulted in the production of the missing records.

At this time, BMA's counsel just received back from its printing vendor Bates Stamped disclosure documents previously produced to Plaintiff's counsel in conjunction with the aforementioned mediation.  Accordingly, BMA is poised to shortly produce the individual Bates ranges in response to the document demands contained in the Plaintiff's First Request for Production of Documents as well as Defendant SEBCO Development, Inc.'s First Request for Production of Documents.

As to documents being sought by BMA from the Plaintiff, this office has been in contact with Plaintiff's counsel regarding that issue.  At this time, it appears that the records produced by the Plaintiff in mediation may be sufficient for BMA's purposes.  Nevertheless, BMA reserves its right to seek further documents from Mr. Martinez as disclosure unfolds.

### Conclusion

Despite their good faith efforts, the parties are unable to resolve this dispute without the Court's intervention.  Accordingly, pursuant to Rule 2(E)(ii) of Your Honor's Individual Rules of Practice in Civil Cases and Fed. R. Civ. P. 37(a)(1), we respectfully request a pre-motion conference to address the issues herein and, to the extent necessary, motion practice.

We thank the Court for its time and attention to this matter.


Respectfully submitted,

FJ LAW

   *s/Daniel Folchetti*
JOSEPH JEZIORKOWSKI
DANIEL FOLCHETTI


SIEGEL & REINER, LLP

   *s/Richard DelValle*
RICHARD H. DEL VALLE


KAUFMAN BORGEEST & RYAN LLP

   *s/Cara O'Sullivan*
CARA A. O'SULLIVAN