USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN MARTINEZ,

Plaintiff,

-v -

BUILDING MANAGEMENT ASSOCIATES, INC., *et al.*,

Defendants.

1:25-cv-77-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court has been advised that Plaintiff Marvin Martinez and Defendant SEBCO Development, Inc. (together, the "Settling Parties") have reached a settlement in this case, which includes claims arising under the Fair Labor Standards Act (the "FLSA"). The Settling Parties are directed to proceed in one of the two ways described below. The first alternative describes the process that the Settling Parties must follow if they wish to dismiss FLSA claims *with prejudice*. The second alternative reminds the Settling Parties of their option to resolve this case through an offer of judgment under Federal Rule of Civil Procedure 68.

(1) *Judicial Approval and Order of Dismissal of FLSA Claims with Prejudice under Rule 41(a)(2).* In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Federal Rule of Civil Procedure 41(a)(1)(A), the Settling Parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A). The holding of *Cheeks* does not apply to claims arising under any statute other than the FLSA. As a result, in order to dismiss an FLSA claim *with prejudice*, the Settling Parties must seek court approval of the proposed dismissal under Rule 41(a)(2). In order to seek such approval, the parties are directed to proceed as follows:

(a) First, the Settling Parties are ORDERED to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to jurisdiction by the Magistrate Judge over their motion for approval of the proposed settlement. If both Settling Parties consent to proceed before the Magistrate Judge, the parties must, no later than November 5, 2026, file on ECF a fully executed Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge form, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-4.pdf. The executed form should be filed on ECF as a "Proposed Consent to Magistrate Judge Disposition of Motion," and be described using the "Proposed Consent to Magistrate Judge Disposition of Motion" filing event in accordance with ECF Rule 13.27. If the Court approves that form, all further proceedings regarding the motion for approval of the proposed settlement, including the evaluation of the proposed settlement, will then be conducted before the assigned Magistrate Judge rather than before me. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so ordered.

If either Settling Party does not consent to conducting all further proceedings regarding the motion for approval of the proposed settlement before the assigned Magistrate Judge, the Settling Parties must file a joint letter, no later than November 5, 2026, advising the Court that the Settling Parties do not consent, **but without disclosing the identity of the party or parties who do not consent**. The parties are free to withhold consent without negative consequences.

(b) Second, if the parties do *not* consent to conduct all further proceedings before the assigned Magistrate Judge, the Settling Parties shall submit to the Court by November 23, 2026 a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved. The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit. *The Settling Parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision, and that the Court will not permit the Settling Parties to file any portion of any document*

*related to the Court's evaluation of the proposed settlement under seal unless they have first made a particularized showing of the need for the relevant information to be sealed that rebuts the presumption of public access to judicial documents.*

If the settlement includes attorney's fees, the Settling Parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Plaintiff's attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

(2) *Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68*. Federal Rule of Civil Procedure 68(a) provides that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a). In *Mei Xing Yu v. Hasaki Restaurant, Inc.*, the Second Circuit held that judicial approval is not required for Rule 68(a) offers of judgment with respect to actions that raise claims under the FLSA. 944 F.3d 395, 414 (2d Cir. 2019). If the Settling Parties wish to resolve the case by an offer and acceptance of judgment pursuant to Rule 68(a), they are directed to submit the executed offer and acceptance, together with a form of proposed order for the entry of judgment consistent with the terms of the offer and acceptance, by November 5, 2026.

SO ORDERED.

Dated: October 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge